UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CLARA HUTTSELL                                                                    PLAINTIFF


v.                                                   CIVIL ACTION NO. 3:16-cv-00796-CRS


RADCLIFF COMPANY, INC.
D/B/A ST. MATTHEWS SEAFOOD                                               DEFENDANT

Memorandum Opinion

I.      Introduction

        This matter is before the Court on the motion of Defendant Radcliff Company, Inc.

(Radcliff) to dismiss the claims asserted by Plaintiff Clara Huttsell or to stay the proceedings and

compel the claims into arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*.,

ECF No. 6. Huttsell did not respond. For the reasons stated below, the Court will grant Radcliff's

motion to stay the proceedings and compel the claims into arbitration.

II.     Background

        A.      Allegations in the Complaint and Procedural History

        Huttsell asserts that she worked for Radcliff between 1999 and November 2015. Compl.

¶ 4, ECF No. 1-2. At some point, she was promoted to general manager. *Id*. ¶ 6. In May 2015,

Radcliff asked Huttsell to manage and to better the performance of a store in St. Matthews,

Kentucky that had been poorly maintained and was in disrepair. *Id*. ¶¶ 7–8, 10.

        Huttsell says she began the "lengthy process of turning the store around." *Id*. ¶ 11. Under

her management, sales apparently increased, and the "maintenance began making noticeable

improvements in the appearance and condition of the store." *Id*. ¶¶ 12–13.

1

Huttsell, however, began experiencing health issues that required her to take time off and to use her company benefits. *Id*. ¶ 15. She also maintains that Radcliff considered her age to "be a detriment." *Id*. ¶ 14. Sometime after she started working in her new management position, Radcliff began inspecting the St. Matthews store. *Id*. ¶ 17. It faulted her for conditions that it had previously tolerated and permitted before she began managing the store. *Id*. Radcliff also blamed Huttsell for the poor training of the store's employees, even though she claims that she had not yet had time to train them. *Id*. ¶ 18. Radcliff eventually terminated her. *Id*. ¶ 16. She asserts that Radcliff's decision to terminate her was based on her age and use of her company benefits. *Id*.

Huttsell filed suit against Radcliff in the Jefferson County, Kentucky Circuit Court. She alleges that Radcliff was negligent (Count I), Compl. ¶¶ 21–26, ECF No. 1-2, wrongfully terminated her (Count II), *id*. ¶¶ 27–33, and discriminated against her in violation of § 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140 (Count III), *id*. ¶¶ 34–39. Huttsell also alleges that Radcliff violated Kentucky Revised Statutes §§ 337.055 and 337.060 by refusing to pay her for her accrued time off and by unlawfully deducting the cost of spoiled inventory from her earnings (Count IV). *Id*. ¶¶ 40–44. She seeks compensatory damages, equitable relief, and attorney fees. *Id*. at 7.

Radcliff removed the action to this Court under 28 U.S.C. §§ 1441(c) and 1446. Not. Removal 1, ECF No. 1–2. Radcliff then filed an answer in this Court. Answer, ECF No. 7.

B.    Radcliff's Dispute Resolution Program

In September 2000, Huttsell signed a document entitled the "Dispute Resolution Program Booklet" (the "dispute resolution agreement"). Dispute Resolution Agreement 12, ECF No. 6-1. The dispute resolution agreement provided that any "differences" that could arise between Radcliff and Huttsell "during or following [her] employment with the company" would "be

resolved as provided in the Dispute Resolution Policy." *Id*. at 11. The document also contained

an arbitration clause in which Huttsell and Radcliff agreed that "all legal claims or disputes

covered by the Agreement" would be "submitted to binding Arbitration" and that arbitration

would be the "sole and exclusive final remedy for resolving any such claim or dispute." *Id*. The

document listed legal claims subject to arbitration as:

> Claims for wages or other compensation; claims for breach of any contract, covenant or warrant (express or implied); tort claims (including, but not limited to, claims for physical, mental, or psychological injury, without regard to whether such injury was sustained in the scope of employment); claims for wrongful termination (including, but not limited to, retaliatory discharge claims); sexual harassment; discrimination (including, but not limited to, claims based on race, sex, religion, national origin, age, medical condition or disability whether under federal, state or local law); claims for benefits under any associate benefit program sponsored by the Company (after exhausting administrative remedies under the terms of such plans); and, claims for a violation of any other noncriminal federal, state or other governmental laws, statute[,] regulations or ordinance.

*Id*.

III.   Discussion

Radcliff now moves to dismiss the claims or stay the proceedings and compel arbitration.

Mot. Compel Arbitration 1, ECF No. 6. As Radcliff does not address why Huttsell's claims

should be dismissed, the Court will focus its memorandum opinion and order only on the issue of

whether the parties' dispute is subject to arbitration.

Under the FAA, "[a] written provision in . . . a contract evidencing a transaction

involving commerce to settle by arbitration a controversy thereafter arising out of such contract

or transaction . . . shall be valid, irrevocable, and enforceable, save upon grounds as exist at law

or in equity for the revocation of any contract." 9 U.S.C. § 2. To determine if a dispute is subject

to arbitration, a court must consider whether (1) "a valid agreement to arbitrate exists between

the parties" and (2) "the specific dispute falls within the substantive scope of the agreement."

*Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 502 (6th Cir. 2007) (citing *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)).

In considering whether the specific dispute falls within the substantive scope of the agreement, the court should ask if the action could be maintained without "reference to the contract or relationship at issue." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). If so, the action is likely outside the scope of the arbitration agreement. *Id.* The court must decide whether the parties agreed to arbitrate the issue "in light of the strong federal policy in favor of arbitration." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Thus, "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.* Arbitration, however, is not absolute: "no matter how strong the federal policy favors arbitration, 'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005) (citing *United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir.1972)).

In this case, Huttsell and Radcliff entered into the dispute resolution agreement, which contains a valid agreement to arbitrate. *See* Dispute Resolution Agreement 11–12, ECF No. 6-1. Huttsell, in signing the dispute resolution agreement, acknowledged that the parties agreed that "all legal claims or disputes covered by the Agreement" would be "submitted to binding Arbitration." *Id.*

The agreement to arbitrate states that claims involving "wages or other compensation," "tort claims," "claims for wrongful termination," "claims for any benefits under any associate benefit program sponsored by the Company," and "claims for a violation of any other noncriminal federal, state, or other governmental laws, statute[,] regulations or ordinance" are

subject to arbitration. In her complaint, Huttsell alleges claims for negligence related to her employment performance, wrongful termination, ERISA discrimination, and for violation of state wage and hour laws, which arose from her employment and subsequent termination from Radcliff. Compl. ¶¶ 21–44, ECF No. 1-2. Her claims cannot be resolved without reference to the dispute resolution agreement and, moreover, are specifically mentioned within its agreement to arbitrate. Thus, Huttsell's claims are subject to arbitration. *See Fazio*, 340 F.3d at 395.

Because Huttsell's claims are subject to arbitration, the Court will stay the proceedings. *See* 9 U.S.C. § 3 ("If any suit or proceeding . . . referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").

IV.   Conclusion

The Court will grant Radcliff's motion to stay the proceedings and compel the claims into arbitration. An order will be entered in accordance with this memorandum opinion.

March 8, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**